The Honorable Bob J. Watts State Representative Route 1, Box 125 Harrison, AR 72601
Dear Representative Watts:
This is in response to your request for an opinion concerning the Arkansas Teacher Retirement System policy with respect to earnings by retirants depending upon their ages under A.C.A. § 24-7-708 (Repl. 1992). Your questions, somewhat restated, are:
 1. Does the Arkansas Teacher Retirement System's use of different earnings limitations and forfeiture requirements on different age groups of retirants earning income while remaining in positions covered by the retirement system constitute discrimination on the basis of age?
 2. Would it violate state or federal law for the legislature to delete the last seven words of A.C.A. § 24-7-708(e) (Repl. 1992)?
The answer to your first question is, as an initial matter, "yes." The policy does, by its terms, discriminate on the basis of age. The question of whether that discrimination is illegal under federal or state law, however, is not entirely clear.[1]
Both federal and state law prohibit discrimination in employment and benefits on the basis of age, with some exceptions. The federal law is the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621et seq. In particular, the federal act makes it unlawful for an employer
 (1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age;
 (2) To limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. . . .
* * *
29 U.S.C.A. § 623 (West 1985). The federal act provides for exceptions by providing that it is not unlawful
 (2) To take any action otherwise prohibited under subsection (a), (b), (c), or (e) of this section —
 (A) To observe the terms of a bona fide seniority system that is not intended to evade the purposes of this chapter, except that no such seniority system shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual; or
(B) To observe the terms of a bona fide employee benefit plan —
 (i) Where, for each benefit or benefit package, the actual amount of payment made or cost incurred on behalf of an older worker is no less than that made or incurred on behalf of a younger worker, as permissible under section 1625.10, Title 29, Code of Federal Regulations (as in effect on June 22, 1989); or
 (ii) That is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter.
* * *
29 U.S.C.A. § 623(f)(2) (West Supp. 1994).[2]
Assuming that ADEA protections otherwise apply to the retirants and their benefits affected by A.C.A. § 24-7-708 and the Teacher Retirement System policy, 29 U.S.C.A. § 623(f)(2)(B)(i) permits age discrimination favorable to older workers with respect to "the actual amount of payment made or cost incurred."
In any event, some courts have concluded that the ADEA does not protect against reverse age discrimination at all because the act was meant only to protect older workers. See, e.g., Hamilton v. Caterpillar, Inc.,966 F.2d 1226, 1227-28 (7th Cir. 1992). Thus, a court examining § 24-7-708
and the System's policy might conclude that the ADEA does not reach the reverse discrimination carried out by the Arkansas policy.
Whatever the reach of federal law, the Arkansas age discrimination law has the virtue of simplicity. While the Arkansas statute prohibits discrimination with language that tracks the ADEA, the state exception is much narrower. Arkansas Code Annotated § 21-3-203 makes it unlawful for a public employer
 (1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's age;
 (2) To limit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's age;
* * *
Ark. Code Ann. § 21-3-202(a) (Cum. Supp. 1993). This language is nearly identical to the ADEA. See 29 U.S.C.A. § 623(a) (West 1985). Section21-3-202(b) provides that it is not unlawful for a public employer
 (1) To take any action otherwise prohibited by this subchapter where age is a bona fide occupational qualification, reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age;
* * *
Ark. Code Ann. § 21-3-203(b)(1) (Cum. Supp. 1993). The Arkansas exception makes no general exception for age discrimination in retirement plans as the ADEA does.[3] This office, however, has previously concluded that the Arkansas Age Discrimination Statute was not intended to operate to repeal other specific statutes governing the retirement of a certain class of employees. See Op. Att'y Gen. 90-337 (copy enclosed). Thus, while the System's policy may violate the letter of the law found in the Arkansas statute on age discrimination, I am reluctant to conclude that a general statute like § 21-3-203 would invalidate a specific statute like § 24-7-708, particularly when the latter was amended more recently than the former.
With respect to your second question, I believe an answer is beyond the scope of an Attorney General's opinion. In particular, I am uncertain of what objective the deletion of the last seven words of A.C.A. § 24-7-708
might serve. Given the panoply of federal and state laws which might be implicated by amending a statute affecting retirement benefits, I cannot answer your question without knowing more facts.[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] This office has previously opined that the Board of Trustees of the System has the authority to implement § 24-7-708 consistent with the Social Security System's retirement test. See Op. Att'y Gen. 92-152 (copy enclosed). The question of age discrimination was not raised or answered in that opinion.
[2] This version of (f)(2) was added by congress in 1990 as the Older Workers' Benefit Protection Act (OWBPA), Pub.L. 101-433, § 103(1),104 Stat. 978, 979 (Oct. 16, 1990). The effective dates of the OWBPA vary depending on the affected parties. See 29 U.S.C.A. § 623, Historical and Statutory Notes, Effective Date of 1990 Amendment (West Supp. 1994).
[3] A.C.A. § 21-3-205 (Cum. Supp. 1993) deals with mandatory retirement ages and does not apply here.
[4] I note that A.C.A. § 24-7-502(b) (Supp. 1993) provides that a retired member shall not again become a member of the system, except as otherwise provided, and § 24-7-502(a) does not apparently contemplate a retirant's reemployment as an active member of the system.